# UNITED STATES DISTRICT COURT OF MARYLAND
# NORTHERN DIVISION

## STATEMENT OF FACTS

1. At the time of events that resulted in this complaint, I worked as a Logistics Management Specialist, series 0346, at FEMA Headquarters in Washington, D.C. I was a GS 13 career (permanent) with no prior disciplinary history and 10 years of government service before being terminated from federal service.

2. I appealed my termination from FEMA to the Merit Systems Protection Board (MSPB). Attorney Randolph B. Neal represented me in this matter. MSPB administrative judge Kasandra Robinson Styles sustained FEMA's decision to terminate my employment in decision No. DC-0752-20-0145-I-1.

3. In decision No. DC-0752-20-0145-I-1, footnote 3, Judge Styles states: "In an effort to save time at the hearing, I admitted the appellant's statement of facts from her prehearing submission into the record. The appellant believes this statement provides background information to explain what happened to her before the agency proposed her removal. AF, Tab 44 at 11-74."

4. My Prehearing Submission's Statement of Facts is a summary of Equal Employment Opportunity (EEO) Complaint number HS-FEMA-01522-2019. In pertinent part, it states that "I filed an informal EEO Complaint HS-FEMA-01522-2019 regarding Mr. Langley on approximately June 19, 2019 for racial and gender discrimination. The formal EEO complaint was received by the Office of Equal Rights on July 24, 2019."

5. Besides EEO Complaint HS-FEMA-01522-2019, the Prehearing Statement of Facts details multiple grievances and other information that is the basis of retaliation. Mrs. Carla Gammon, the Deciding Official for my termination, received each grievance on behalf of FEMA.

6. Additional information included in my Prehearing Submission's Statement of Facts after I filed EEO Complaint HS-FEMA-01522-2019 can also be used to support my retaliation claim. In pertinent part, my Prehearing Submission's Statement of Facts states: "I received an email on August 20, 2019 informing me that I was among the most highly qualified for LSD's Assistant Program Manager position and had made the cert[1]. According to Loraine Bowman, Human Resources sent the cert list to Ms. Register on August 27, 2019, and she has three weeks to make a selection from it. I spoke to Ms. Bowman about this on August 30, 2019. I was not contacted for an interview. I submitted a Freedom of Information Act (FOIA) request for a copy of the cert and the corresponding ranking scores on September 26, 2019 and received it on October 18, 2019. Upon reviewing the redacted ranking of all applicants for the position, I was ranked fourth with a score of 99.55. The top three applicants were also not contacted. Everyone contacted was ranked lower than I was (retaliation). I submitted a FOIA request for the

hiring manager's selection decision information on October 21, 2019. I received it on November 13. The hiring manager drew a line through the row with my name and information. No comment was provided to justify why I was not selected; however, she did leave comments beside the names of other applicants such as "No/LCL certified," "Yes/PM L II," "Maybe," "No/Budget," "No/Tech Skills," "No/ but Budget/Cost Analysis," "No/Training," "Yes," "Maybe/Masters in Project Management," "Maybe/Strong Program Exp.," "Duplicate," "No/Other Logistician," "No/Cost Analyst." I am the only applicant whose name and row had a line drawn through it. Had I been fully considered and selected for this position, Mr. Langley, Ms. Register, and Mrs. Gammon would not have been able to terminate me from my former position, because I would have already assumed this new position."

7. Mr. Kevin Langley is a white male. Ms. Mary Rose Register is a white female. Mrs. Carla Gammon is a white female.

8. Other documents that have been entered into the record also contain information to further support my retaliation claim. In pertinent part, my Prehearing Submission Exhibits contain a copy of the above-referenced Assistant Program Manager position's certificate that Ms. Mary Rose Register completed. Furthermore, in her March 11, 2020 deposition testimony that is included in my Prehearing Submission Exhibits, Ms. Mary Rose register states the following regarding why she did not select me to be interviewed for the Assistant Program Manager Position: "I would have crossed out Ms. Ransom's name along with multiple other names based on who were the top five candidates, so I crossed out anyone who wasn't in the top five candidates." This was in response to the following question from Mr. Neal: "Who, if you know – there was a list of eligible. Do you know who crossed out Ms. Ransom's name? "Mr. Neal asked Ms. Mary Rose Register: "Did you became aware of an EEO complaint about non-selection?" Ms. Mary Rose Register responded: "I believe so, yes." Mr. Neal then asked: "And did you hold off on making the selection until the EEO complaint was investigated?" Ms. Mary Rose Register responded: "No."

9. A second FOIA request revealed that Mr. Kevin Langley, my former supervisor and the Proposing Official for my termination, was a member of the Assistant Program Manager Selection panel.

---

[1] According to Issue Certificate and Notify Eligibles (opm.gov). "the Issue Certificate and Notify Eligibles element is performed by the Human Resources Office (HRO). This element takes 1 day. In this element, the HRO issues a certificate of eligible to the selecting official. The HRO creates this certificate by rank ordering the eligible candidates based on the ranking procedure identified in the job opportunity announcement and eligible candidates identified in the fourth step of the Evaluate Applications element. After the certificate is issued to the selecting official, the HRO will notify applicants of the status of their applications i.e. whether they were determined eligible or ineligible for the position."

10. After Ms. Mary Rose Register retired in January, 2019, within only a few days Mrs. Carla Gammon appointed him Director of Logistics Systems Office (at that time

Logistics Systems Division) with no competition. Mrs. Carla Gammon was the Deciding Official for my termination.

11. As the Director of Logistics Systems Office, the Assistant Program Manager position reports to Mr. Langley, whereas it previously reported to Ms. Mary Rose Register before she retired.

12. As a member of the selection panel, Mr. Kevin Langley would have seen the certificate and been aware that I applied for the job. The fact that Ms. Mary Rose Register did not participate in the panel as selecting official despite ranking the applicants also revealed that there was a conflict that kept her from being the selecting official. As my former second-line supervisor, Ms. Mary Rose Register could not be the selecting official because I was on the certificate. As my former first-line supervisor, Mr. Kevin Langley could not be the selecting official because I was on the certificate.

13. Mr. Steven Cochran, a white male, served as the selecting official for the Assistant Program Manger job. The other panelist was Mr. Robert Best, the former Assistant Program Manager. Mr. Cochran selected William Skerrit, a black male, and Mr. William Skerrit remains the Assistant Program Manager.

14. Mrs. Carla Gammon, the Deciding Official for my termination, was also the Responsible Management Official (RMO) for EEO Complaint HS-FEMA-01522-2019. It appears that Mrs. Gammon was aware of the agency's failure to interview me after I was included on the certificate, interviewed Ms. Mary Rose Register about it for EEO Complaint HS-FEMA-01522-2019, and took no action to resolve it after interviewing Ms. Mary Rose Register.

15. Mr. Kevin Langley recently promoted Mrs. Georgia Baione, a white female, to a branch chief position. In her February 4, 2020 deposition, Mr. Neal asked her the following question: "Did you ever get disciplined for use of profanity?" She responded, "No. I was counselled to not do it." Mr. Neal stated: "Did you ever have ---." She responded: "I wasn't formally." Mr. Neal also asked: "Did you ever have any discipline for unprofessional behavior?" Mrs. Georgia Baione responded: "No." At another time, Mr. Neal asked: "Let's just go over a couple of incidents with you. Have you ever gotten into a shouting match with a coworker?" Mrs. Georgia Baione responded: "I've had to scream at coworkers. I'm not sure if there was a shouting match." Mr. Neal asked: "You got loud?" Mrs. Georgia Baione responded: "I've gotten loud. I am loud. I fully admit that." Mr. Neal asked: "And did you have occasions where Ms. Potter and her dog were on site that you didn't inform Ms. Ransom that he was going there, he or she? I don't know what Dori is." Mrs. Georgia Baione responded: "There was one – before ewe came up with the process that I had to provide a calendar, there was one incident before that that they were on the same floor, but there was no interaction." Mr. Neal asked Mrs. Georgia Baione about another event. "And so you just asked for a different location, right?" Mrs. Georgia Baione responded: "I asked if either – would there be a place I could put my girls and I because it was take your kids to work day, so we were not going

to be in the actual office setting or if Ms. Ransom could telework that day given the dynamic of there were – an in the chronology document, there was a previous incident where, you know, she had been arguing with Kevin and she had been arguing with Mary Rose. And Mary Rose actually documented a couple of those, but I didn't want my girls to have to see people fighting in that manner because I know it would affect my oldest daughter.

16. Mrs. Georgia Baoine sent her request to her supervisor, Steven Cochran, who sent it to Mr. Langley and Ms. Register. As my former second-line supervisor, Ms. Mary Rose Register approved the request, in addition to Mr. Kevin Langley.

17. Not long after Mrs. Georgia Baione's request, Mr. Kevin Langley placed me on indefinite telework just ahead before Take Your Children to Work Day. Mr. Cochran responded to Mrs. Georgia Baione's April 8, 2019 email by stating: "Georgia; I love that your girls get such enjoyment from this important employee/family event. I understand your concern and will communicate to senior leadership and let you know if an accommodation can be made. I understand from planning purposes you need a response soonest. Than you for your input and I will get back to you. Have a great day." Mr. Steven Cochran cc'd Mr. Kevin Langley and Ms. Mary Rose Register on this email to Mrs. Georgia Baione.

18. Mrs. Georgia Baione further stated in her Chronology Document: "Based on these 2 email accounts and untruthful accounts to me, I expressed concern for my safety and that of my children at the upcoming Take Your Child to Work Day. I expressed those concerns to LMD leadership and I was informed that a work around and accommodation would be considered."

19. Also in pertinent part, FEMA's October 16, 2019 Mutual Separation and General Release is on the record as a Prehearing Submission Exhibit. The Mutual Separation and General Release required me to agree to refrain from employment with DHS for three years and to withdraw EEO Complaint HS-FEMA-01522-2019 for resigning. I had 24 hours to consider it. Mrs. Gammon, the Deciding Official who terminated me, is the same person who signed the Mutual Separation and General Release on behalf of FEMA. I did not sign it, and I was terminated the next day, on October 17, 2019.

20. Judge Styles sustained FEMA's decision to terminate me in MSPB decision No. DC-0752-20-0145-I-1 on July 30, 2020.

21. Although Judge Styles addressed my attorney's claim regarding my autism diagnosis and request for reasonable accommodations in MSPB decision No. DC-0752-20-0145-I-1, she did not provide a response for my retaliation claim.

22. I appealed MSPB decision No. DC-0752-20-0145-I-1 to the EEOC. On May 24, 2021, the EEOC relayed their decision to concur with the MSPB's decision No. DC-0752-20-0145-I-1 in Petition No. 2021000075.

23. Although Attorney Randolph B. Neal also represented me for the EEOC appeal, he submitted the appeal without a brief, which is noted in EEOC Petition No. 2021000075.

24. EEOC Petition No. 2021000075 also does not provide a response for the retaliation claim.

25. Because of FEMA's retaliation after I filed multiple grievances and EEO Complaint HS-FEMA-01522-2019, I suffer significant economic damages and have been denied full consideration for the Assistant Program Manager position. I also had to relocate from Virginia, and have lost retirement, insurance, and medical benefits.

26. I am likely to succeed on my challenge because my termination violates 42 U.S.C. § 1983's discrimination statute.

27. I am likely to succeed on my challenge because my termination violates Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

28. I am likely to succeed because my termination violates the Americans with Disabilities Act of 199-, as codified, 42 U.S.C. §§ 12112 to 12117.

29. I will suffer irreparable harm because of constitutional violations that cannot be remedied as well as financial harms through lost career earnings, professional development, and career advancement that cannot be recovered.

30. Wherefore the Court should consider this complaint and issue a response regarding MSPB decision No. DC-0752-20-0145-I-1 and EEOC Petition No. 2021000075 not addressing the retaliation claim in the decisions regarding my October 17, 2019 termination from FEMA.

June 23, 2021

### PRAYER FOR RELIEF

31. By reason of the foregoing, please vacate MSPB decision No. DC-0752-20-0145-I-1 and EEOC Petition No. 2021000075.

32. By reason of the foregoing, I request reinstatement with backpay, all applicable medical, dental and retirement benefits, any other benefits, and an end to the discrimination. This amount is greater than $75,000.

33. By reason of the foregoing, I request general and compensatory damages.

34. By reason of the foregoing, I request repayment for court fees. I also request attorney's fees, if applicable.

35. By reason of the foregoing, please update my FEMA October 2019 termination SF-50 to state that I was wrongfully terminated.

36. By reason of the foregoing, I request acceptable references from my former supervisor, Mr. Kevin Langley, and my former second-line supervisor, Ms. Mary Rose Register.

37. By reason of the foregoing, I request acceptable public verbal apologies from everyone involved in my termination as well as acceptable written, emailed apologies.

38. By reason of the foregoing, please research and investigate the claims in this complaint.

39. By reason of the foregoing, please appropriately discipline all parties that are guilty of any misconduct or illegal behavior regarding the facts stated in this complaint.

40. By reason of the foregoing, please review each quarterly progress review I received after I filed EEO Complaint HS-FEMA-01522-2019. For any reviews with evidence of retaliation, please update them to an acceptable review that is not based on retaliation.

41. By reason of the foregoing, please determine and implement an acceptable solution for the progress reports, annual evaluations, and performance bonuses that I did not receive because I was terminated.

42. By reason of the foregoing, I request such additional relief as this Court may deem just and proper.

Eyphra Ransom
101 W Read St. Apt. 605
Baltimore, MD 21201

Case 1:21-cv-01563-JMC   Document 1-1   Filed 06/23/21   Page 7 of 8

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served by first-class mail, postage prepaid, on the 23rd day of June, 2021, upon:

1. Defendant Alejandro N. Mayorkas is Secretary of DHS. DHS is a federal agency located at 245 Murray Lane SW Washington, DC 20528-0305.

2. The Federal Emergency Management Agency is a federal agency located at 500 C St. SW Washington, DC 20024. Deanne Criswell is its Administrator.

Eyphra Ransom
101 W Read St. Apt. 605
Baltimore, MD 21201