## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**EYPHRA RANSOM**,                         *

      Plaintiff,                         *

v.                                             *                    Civil Case No. 1:21-01563-JMC

**ALEJANDRO N. MAYORKAS** *et al*,        *

      Defendants.                    *

* * * * * * *

## MEMORANDUM OPINION

*Pro se* Plaintiff Eyphra Ransom seeks review of the Merit Systems Review Board (MSPB) decision affirming her termination from the Federal Emergency Management Agency (FEMA). (ECF Nos. 1, 14). Presently before the Court are Defendants' Motion to Dismiss or Alternatively to Transfer (ECF No. 29) and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36). The Court has considered the parties' corresponding responses and replies (ECF Nos. 31, 41, 44) and finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendants' Motion is GRANTED, Plaintiff's Motion is DENIED, and this case is DISMISSED.

### I.   BACKGROUND

Plaintiff was formerly employed as a Logistics Management Specialist at FEMA headquarters in Washington, D.C. (ECF No. 14 at 2). Plaintiff received a Notice of Proposal to Remove on August 21, 2019, which informed that Plaintiff's supervisor proposed to remove her from her position. (ECF No. 29, Ex. 2). The Notice provided twenty-four (24) "specifications" of Plaintiff's behaviors, grouped according to "charges", as support for the proposed termination. *Id.* As explained in its Removal Decision dated October 16, 2019, FEMA ultimately terminated Plaintiff's employment effective October 17, 2019. (ECF No. 29, Ex. 3). The Removal Decision

referenced the rationale as summarized in the Notice of Proposal to Remove and explained Plaintiff's rights, including her right to appeal to the MSPB. *Id.*

Plaintiff timely appealed her termination to the MSPB. (ECF No. 29, Ex. 4). Plaintiff listed the following reasons in challenging her removal: (1) the specifications lacked evidence; (2) Plaintiff was not provided with materials that FEMA used in its decision-making; (3) Plaintiff was discriminated against for her physical disabilities; and (4) Plaintiff was retaliated against for whistleblowing activity, particularly for reporting "gross mismanagement, abuse of authority and retaliation for exercise of rights." *Id.* In its "Initial Decision", the MSPB evaluated the specifications and charges against Plaintiff, particularly pairing the instances with testimony from FEMA employees, including Plaintiff's own testimony. (ECF No. 1, Ex. 2). The MSPB found that Plaintiff was not discriminated against based on physical disability, FEMA did not commit harmful procedural error, and Plaintiff's due process rights were not violated. (ECF No. 1, Ex. 2). The MSPB sustained FEMA's "charges" against Plaintiff and affirmed its decision to terminate Plaintiff's employment. *Id.* The MSPB's Initial Decision became final on September 3, 2020, after which Plaintiff had thirty (30) days to seek judicial or Equal Employment Opportunity Commission (EEOC) review. *Id.* at 61. The MSPB's decision also provided guidance concerning review of whistleblower claims: the appellant was to file a petition for judicial review "with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction" within sixty (60) days of the Initial Decision becoming final. *Id.* at 62.

On October 3, 2020, Plaintiff appealed the MSPB's decision to the EEOC Office of Federal Operations. (ECF No. 1, Ex. 3). The EEOC noted that Plaintiff raised no arguments in her petition. *Id.* at 3. After generally analyzing whether the MSPB's decision constituted "correct interpretation of any applicable law, rule, regulation, or policy directive, and is supported by the evidence in the

record as a whole" the EEOC concurred with the MSPB's decision and found that Plaintiff was not discriminated against in a decision dated May 24, 2021. *Id.* at 5. That decision informed Plaintiff of her "right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30)" days of receiving the EEOC's decision. *Id.* at 6.

Proceeding *pro se*, Plaintiff subsequently filed suit in this Court on June 23, 2021. (ECF No. 1). Plaintiff's Complaint form indicates that she alleges unlawful discrimination against FEMA under (1) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); (2) Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; (3) 42 U.S.C. "1983's discrimination statute." (ECF No. 1 at 3). Plaintiff's Complaint seeks relief from FEMA's alleged failure to hire, termination, failure to accommodate disability, and retaliation, all based on Plaintiff's race, color, gender, and/or disability diagnosis of autism. *Id.* at 4. Plaintiff's Complaint states that she filed a charge with the EEOC on June 19, 2019, and has not been issued a Notice of Right to Sue letter. *Id.* at 5. Plaintiff's Complaint was accompanied by a "Statement of Facts" which she has since updated. (ECF Nos. 1 and 14).

Defendants filed a Motion to Dismiss or, in the Alternative, to Transfer (ECF No. 29). Defendants' Motion argues that Plaintiff does not have a cause of action under Section 1983 as the law pertains to state, and not federal, actors; Plaintiff does not have a cause of action under the ADA as the law does not apply to the federal government; Plaintiff's Title VII claims must be dismissed for lack of jurisdiction for failure to exhaust administrative remedies; and finally, venue is improper in the District of Maryland. (ECF No. 29, Ex. 1).

Plaintiff's response in opposition focuses on the MSPB's failure to address her retaliation claim and purportedly alleges, for the first time, violations under the Section 501 of the

Rehabilitation Act of 1973, as amended, 29. U.S.C. § 791. (ECF No. 31, Ex. 1). Plaintiff contends that she exhausted her administrative remedies as it pertains to her retaliation claim, but neither the MSPB judge nor the EEOC addressed that claim. *Id.* at 9. Plaintiff additionally argues that venue is proper in the District of Maryland because she resides in the state. *Id.* at 32-33.

Defendants were subsequently granted two extensions of time to file a reply. (ECF Nos. 33, 35). During that time, Plaintiff filed a Motion for Judgment on the Pleadings (ECF No. 36), arguing that Defendants' requests for extensions of time made it such that the time for pleadings had closed. Defendants filed a combined opposition to Plaintiff's Motion and reply to their own, arguing that Plaintiff did not properly raise her retaliation claim at the MSPB level, but even if she did, she has not now offered evidence to show FEMA's legitimate, non-retaliatory reasons for terminating her were pretextual. (ECF No. 41 at 1-2). Further, Defendants argue that Plaintiff's Motion for Judgment on the Pleadings is procedurally improper, and even if construed as one for summary judgment, lacks any arguments on the merits. *Id.* at 2. Lastly, Defendants alternatively argue that venue is proper in the United States District Court for the District of Columbia. *Id.*

After being granted her own extension of time, Plaintiff filed a reply to her "Motion for Summary Judgment." (ECF No. 44). In her filing, Plaintiff reiterates that this case focuses on the MSPB's failure to address her retaliation claim. *Id.* at 16. Plaintiff also argues that she was discriminated against under Title VII in that she was not selected for a job opportunity. *Id.* at 19. In addition, Plaintiff urges that she was discriminated and retaliated against under the Rehabilitation Act of 1973 based on her autism. *Id.* at 22-23. Finally, Plaintiff argues that her termination was pretextual and venue is proper in Maryland. *Id.* at 30-32.

For the reasons set forth below, the Court agrees with Defendants. Plaintiff has failed to exhaust her administrative remedies and the case must be dismissed. For the same reasons, Plaintiff's Motion for Judgment on the Pleadings is DENIED.

## II.  STANDARD OF REVIEW

Defendants posit that this case should be dismissed for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim. (ECF No. 29). A complaint may be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where a plaintiff has failed to exhaust administrative remedies. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003). "The plaintiff bears the burden of proving that subject matter jurisdiction exists." *Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013) (citing *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008)). "In a 12(b)(1) motion, the court 'may consider evidence outside the pleadings' to help determine whether it has jurisdiction over the case before it." *Nat'l Ass'n for the Advancement of Colored People v. United States Dep't of Homeland Sec.*, 364 F. Supp. 3d 568, 573 (D. Md. 2019) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Defendants argue that even if the Court finds Plaintiff sufficiently exhausted her administrative remedies, she has still failed to state a claim upon which relief may be granted. (ECF No. 29). The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint and 'not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A Rule 12(b)(6) motion "constitutes an assertion by a defendant that, even if the facts alleged by plaintiff are true, the complaint fails as a matter of law, to state a claim upon which relief can be granted." *Jones v. Chapman*, Civ. No.

ELH-14- 2627, 2015 WL 4509871, at *5 (D. Md. Jul. 24, 2015). Whether a complaint states a claim for relief is assessed in accordance with the pleading requirements of FRCP 8(a)(2). "[D]etailed factual allegations are not required, but a 'plaintiff must provide the grounds of his entitlement to relief' and this requires 'more than labels and conclusions, or a formulaic recitation of the elements of a cause of action.'" *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The Court retains "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion [to one for summary judgment], or to reject it or simply not consider it." *Verderamo v. Mayor & City Council of Baltimore*, 4 F. Supp. 3d 722, 729–30 (D. Md. 2014) (citations omitted).

## III.    ANALYSIS

Plaintiff's chief contention is that the MSPB did not address her claim of retaliation. (ECF No. 44, Ex. 1 at 2-3) ("In this action, I request the Court to address my retaliation claim since the Merit System Protection Board (MSPB) judge did not address it…."). "When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (citing 29 CFR § 1614.302 (2012)). When the MSPB reviews that appeal and issues a decision, the employee may petition the EEOC for review; upon EEOC review and concurrence, the MSPB decision is a "judicially reviewable action." 5 U.S.C. § 7702. For a court to have subject matter jurisdiction over the review of an MSPB decision, the plaintiff must have exhausted administrative remedies and brought her claims "in the first instance before the MSPB." *Benton v. Burns*, No. CV PJM 15-2126, 2017 WL 491251, at *4 (D. Md. Feb.

6

7, 2017) (citing *Harris v. Evans*, 66 Fed. Appx. 465, 467 (4th Cir. 2003)). As potentially relevant here, for the Court to evaluate a Title VII claim of discrimination and retaliation, a plaintiff must have "satisfied the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the [EEOC] and (ii) by receiving and acting upon the [EEOC]'s statutory notice of the right to sue." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (citing 42 U.S.C. §§ 2000e-5(a) and 2000e-5(e)).

The Court is mindful of Plaintiff's *pro se* status and has liberally construed her pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To that end, Plaintiff's various filings reference and conflate the issue at hand with multiple EEOC filings that are not judicially reviewable in this case. (ECF No. 31, Ex. 1 at 33). Plaintiff's filings raise various issues, presumably as background information, but her steadfast issue remains that the MSPB did not address her claim of retaliation. As previously stated, this Court only has jurisdiction over claims raised "in the first instance before the MSPB." *Benton*, 2017 WL 491251, at *4. Here, as Defendants aptly note, "Plaintiff asserted in her MSPB appeal that [FEMA] terminated her based on her physical disabilities and in retaliation for whistleblower activity, not prior EEO[C] activity." (ECF No. 41 at 4). Despite citing to various statutes amongst all of her filings, Plaintiff does not raise issues regarding the MSPB's physical disability determination, but instead generally requests review of her "retaliation" claim.

Because it is not entirely clear under which law Plaintiff seeks relief, the Court notes that it does not have jurisdiction under either of the two forms of retaliation mentioned throughout Plaintiff's pleadings. To the extent that Plaintiff seeks review of "whistleblowing activity" as indicated on her MSPB appeal form, such review was appropriate "with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction" as directed in the MSPB decision. (ECF No. 1, Ex. 2 at 62); *See also* 5 U.S.C. § 7703(b)(1)(B). Alternatively, to the extent

7

that Plaintiff seeks a Title VII retaliation analysis, this Court lacks subject-matter jurisdiction over such claim because Plaintiff has failed to exhaust her administrative remedies. The record indicates that Plaintiff may obtain a right to sue letter from the EEOC on that issue in the future (ECF No. 41, Ex. 1), but such claim is not presently and appropriately before the Court. As such, this Court lacks subject-matter jurisdiction over Plaintiff's claims and must be dismissed.

Conscious of Plaintiff's *pro se* status, her Complaint will be dismissed without prejudice. *See Brown v. Penny Mac Loan Servs. LLC*, No. CV SAG-20-0364, 2020 WL 3428125, at *3 (D. Md. June 23, 2020) ("because the *pro se* Complaint's allegations are not clearly stated, this Court is unwilling to permanently foreclose the possibility that [Plaintiff] could articulate a viable claim against one or more of the Defendants"). As Defendants' Motion is granted, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36) is correspondingly DENIED.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or Alternatively to Transfer (ECF No. 29) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36) is DENIED. The Clerk is directed to CLOSE this case.

July 29, 2022_____                                    _____/s/_____
Date                                                          J. Mark Coulson
                                                                  United States Magistrate Judge

8